# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4012-01-CR-C-SOW |
| | ) | |
| BARNARD LAMOUNT REED, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Bernard LaMont Reed filed a motion to suppress evidence and statements on May 22, 2008. On June 6, 2008, the Government filed a response. A hearing was held on the motion on June 9, 2008.[1] At the hearing Reed orally withdrew his Frank's argument and was granted until June 13, 2008, to file a reply in support of his motion to suppress. A reply has not been filed.

Reed's motion to suppress argues that the search of his residence by law enforcement officers violated his right to be free from an unreasonable search and seizure under the Fourth Amendment to the United States Constitution. Specifically, Reed argues that the search warrant was issued without the necessary probable cause. Reed argues law enforcement failed to corroborate the information given by Melanie Neidholdt, which alleged there were drugs and a firearm at Reed's residence.

## Facts

On April 6, 2006, at approximately 2:00 p.m., Melanie Neidholdt contacted the Jefferson City Police Department, requesting to speak with an officer. Officer John Strobel responded to the call. Neidholdt told Officer Strobel she had a drug problem and that earlier in the day, around 3 a.m., she had gone to Monte Reed's residence, her drug dealer, to get

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

more drugs. Neidholdt stated that when she was at Reed's residence, he pulled a gun on her and demanded she sign a bill of sale over to him on her car. Neidholdt told the officers she signed the bill of sale and, as directed, wrote it to "Bernard Reed."

Officer Strobel contacted Officer Sneller about Neidholdt's statements regarding the possession and sale of narcotics by Reed. Officer Sneller came and spoke with Neidholdt. Neidholdt stated she was willing to sign an affidavit so the officers could attempt to obtain a search warrant for Reed's residence.

Neidholdt personally signed an affidavit setting forth what she saw and the events that occurred at Reed's residence on April 5, 2006. Reed states she went to Reed's apartment on April 5, 2006, to pay $150.00 she owed him for crack cocaine. Neidholdt states that Reed told her she owed him $200.00 instead of $150.00. Neidholdt agreed to pay the $200.00. Neidholdt subsequently returned to Reed's apartment in the early morning hours of April 6, 2006, to purchase more crack. Reed told her he would not sell her more cocaine because he felt she still owed him money from her previous purchase. Reed then displayed a gun and told Neidholdt to sign a bill of sale for her vehicle over to him. After seeing the gun, Neidholdt agreed to sign the bill of sale. Neidholdt states she had seen the gun on other occasions at Reed's residence. Neidholdt states she was forced to sign the bill of sale, give Reed the keys to her vehicle and leave her vehicle at his residence. Neidholdt also specifically states that while at the residence, she saw what she recognized to be heroin, crack cocaine and pills. Neidholdt states she was told that one of the substances was heroin, and recognized the crack cocaine based on her own use of controlled substances.

Based on Neidholdt's sworn statement, Officer Sneller, in conjunction with the Cole County Prosecuting Attorney's Office, submitted an application for the search of Reed's apartment. The application was reviewed by a neutral and detached Cole County, Missouri, Circuit Judge, who found there to be probable cause, and a search warrant was issued for 312 E. Dunklin, the apartment described in Neidholdt's sworn affidavit, known to be the residence of Bernard Reed. The search warrant was executed in the evening hours of April 6, 2006. This search is the basis for defendant Reed's motion to suppress.

**Discussion**

When reviewing another court's issuance of a search warrant, the duty of the reviewing court is simply to ensure that the judge who issued the warrant had a substantial basis for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238-39 (1983). When an affidavit submitted in support of an application for search warrant is based in substantial part on information from an informant, the informant's reliability, veracity, and basis of knowledge are relevant considerations. United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986). However, these are not independent, essential elements in finding probable cause. Id. To determine probable cause in issuing a search warrant, the issuing judge is simply to make a practical, common-sense decision whether, given all the circumstances in the affidavit before her, that there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates at 230-31.

Here, although Neidholdt, the informant who submitted the affidavit in support of the search warrant of Reed's residence, conceded drug use, she was a known informant with unknown reliability, her statements were properly considered by the judge, and established probable cause for several reasons. First, the Jefferson City Police Department Officers testified that Neidholdt did not appear to be under the influence of a controlled substance at the time she gave her statements. Second, her statements conceded her purchase of drugs from Reed, and personal use of such drugs, and therefore, are statements against her own penal interests, and tend to support her credibility. She could be prosecuted for giving false statements if her affidavit were not true. Third, Neidholdt's statements in the affidavit were based on her first-hand knowledge, and not hearsay. Fourth, Neidholdt's statements were made under penalty of perjury.

Reed's argument that Neidholdt's statements required corroboration in order to establish probable cause is without merit. The reason for the rule requiring independent corroboration of the informant's reliability disappears where the informant comes forward, under oath, to give an eyewitness account regarding the crime, and subjects himself to perjury if the information is false. United States v. Hunley, 567 F.2d 822, 827 (8th Cir. 1977). See also United States v. Carter, 413 F.3d 712, 714 (8th Cir. 2005) (statements to informant under

3

oath, presumptively more reliable than anonymous source; neither corroboration nor past reliability as an informant required).  Cf: Illinois v. Gates, 462 U.S. 213 (1983) (unnamed informant providing information to law enforcement requires independent corroboration to establish probable cause).  Further, Reed makes no allegation that Neidholdt committed perjury, and has withdrawn his Franks's test argument.

This court finds Neidholdt's statements were sufficiently credible to support the probable cause finding of the Cole County Circuit Judge.  Defendant's motion to suppress for lack of probable cause should be denied.

Furthermore, the court finds that even if probable cause did not exist, upon de novo review, defendant's motion to suppress should be denied under the good-faith exception of United States v. Leon, 468 U.S. 897 (1984).  The good-faith exception allows evidence obtained pursuant to a facially valid search warrant, later found to be invalid, to be admissible if the executing officers acted in good faith and in objectively reasonable reliance on the warrant.  Id.  Reliance on a judge's determination of probable cause is reasonable in the execution of a search warrant unless a reasonably, well-trained officer would have known the search was illegal despite the judge's authorization.  Id. at 922-23.  In the instant case, the court finds that reliance of the law enforcement officers who executed the search warrant was reasonable.  There is no evidence that the Cole County Circuit Judge was misled by the application and affidavit submitted by Officer Sneller or that the judge wholly abandoned her judicial role.  Id. at 923.  Moreover, the warrant application and affidavit are not so lacking in indicia of probable cause so as to render reliance unreasonable, neither is the warrant so facially deficient that reliance upon it is unreasonable.  Id.  The court finds reliance on the warrant by executing officers to be reasonable, and therefore, the good-faith exception applies to the evidence seized from Reed's residence and to any statements made by Reed.

For the reasons set forth above, this court finds that the evidence seized from defendant's residence and his statements are not the fruit of an unconstitutional search.

IT IS, THEREFORE, RECOMMENDED that defendant's motion to suppress be denied.  [48]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 18th day of July, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge